IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:26CR200 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY PARKER and | ) | **MOTION FOR PARTIAL UNSEALING** |
| DANIELLE PARKER, | ) | **AND FOR PROTECTIVE ORDER** |
| | ) | |
| Defendants. | ) | |

The United States of America, by and through its counsel, David M. Toepfer, United States Attorney, and Megan R. Miller, Assistant United States Attorney, hereby respectfully requests that this Court issue an order pertaining to disclosures made by the United States of America to counsel of record for Defendants, employees of defense counsel of record, and other personnel engaged or employed by defense counsel of record in connection with this case (collectively, the "Defense Teams") pursuant to the government's discovery obligations (including under the *Jencks* Act, 18 U.S.C. § 3500, and Rule 16 of the Federal Rules of Criminal Procedure).[1]

---

[1] Undersigned counsel circulated this motion and the proposed protective order with acknowledgments to defense counsel on June 3, 2026, and on June 16, 2026, requesting permission to file the motion unopposed.  Because undersigned counsel did not receive a response, the United States now moves the Court for a protective order as set forth herein to permit it to fulfill its discovery obligations and produce discovery to defense counsel at the pretrial conference scheduled for June 25, 2026.

**I.**     **MOTION FOR ORDER ALLOWING DISCLOSURE OF SEALED MATERIALS TO DEFENDANTS.**

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States respectfully requests that this Court issue an order allowing the government, as part of discovery, to disclose to the Defense Team copies of search warrants and supporting affidavits, applications, and returns executed in this case and issued under Case Numbers 1:24MJ2090, 1:25MJ2008, and 1:25MJ2063.

Because the above-described sealed documents contain information about cooperating individuals and other witnesses, information regarding uncharged conduct, and information about individuals who have not been charged with criminal conduct, the government requests that it *not* be required to fully unseal these documents.  Instead, the government asks that it be permitted to disclose copies of these sealed documents only to defense counsel of record, who will be permitted to share these documents with their respective Defense Team, and will be permitted to show these documents to, and discuss these documents with, Defendants and potential witnesses—all subject to the proposed protective order.  The government requests that the orders currently in place sealing the above-described documents remain intact with only a partial unsealing for the limited purpose of permitting the government to provide discovery to Defendants under the terms of the proposed protective order.

**II.**     **MOTION FOR PROTECTIVE ORDER.**

A.     SUMMARY

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the government respectfully moves this Court for a protective order prohibiting any member of the Defense Team, which includes the Defendants, from disclosing or disseminating any and all discovery material produced by the government in this case, including any and all *Jencks* materials,

including reports of prior statements of potential government trial witnesses, documents submitted with said materials (together, the "Discovery Material"), and the substance thereof, to any person or entity in any way without express permission of the Court.  A proposed protective order is attached as "Exhibit 1" hereto.  Furthermore, the government requests that the order require each member of the Defense Team who receives or reviews Discovery Material to sign the appropriate Acknowledgments (attached hereto as "Exhibit 2" for Defendants, "Exhibit 3" for each member of the Defense Team, and "Exhibit 4" for each witness) referenced in the proposed protective order, and provide a copy to the government or, with permission from the Court, to instead file such Acknowledgment with the Court *ex parte* and under seal.

It is further requested that the following exceptions to the foregoing restrictions be made with respect to the conducting of investigations by members of the Defense Team, so long as the Defense Team members have previously executed the appropriate acknowledgment that has been provided to the government or filed *ex parte* and under seal with the Court, as described above: A Defense Team member may disclose and show Discovery Material to potential witnesses under the following conditions: (1) prior to the actual disclosure, the Defense Team member making an investigative disclosure must provide the Acknowledgment and a copy of the protective order to any individual to whom disclosure will be made and read or summarize the pertinent parts of the protective order prohibiting witnesses from conveying any information to any other person or entity and the consequences of such an unauthorized disclosure, and orally advise the individual of his or her obligation to comply with its terms; (2) prior to the actual disclosure, the individual to whom disclosure is to be made shall execute an Acknowledgment to be provided to the government or filed with the Court *ex parte* and under seal within 72 hours of execution, that the individual has been informed of the existence of the protective order,

3

understands it, and agrees to abide by its terms; (3) the individual to whom disclosure is made shall not take any notes, otherwise record any information contained in Discovery Material, or retain copies of such material; (4) the Defense Team will maintain a log of all individuals to whom disclosure is made, specifying the time and date of the disclosure and describing the contents of the disclosure; and (5) the Defense Team will redact *Jencks* and other Discovery Materials so as not to disclose any personal identifying information or information regarding non-indicted persons before copies of such documents are shown to the individual, except to the extent such information is that of the individual to whom such materials are to be shown.  In addition, a Defense Team member subject to the protective order may show copies of summary charts derived from Discovery Material to potential witnesses as long as conditions (1) through (5) above are satisfied.

 B. <u>SENSITIVE MATERIALS RESTRICTIONS</u>

**Designation of Sensitive Materials.**  The United States may produce discovery containing personal identifying information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, and other materials as set forth below, to the Defense Team, pursuant to the Defendants' discovery requests.  The below portions of the discovery (if present) will be designated as "Sensitive Materials."

1. Telephone numbers, residential addresses, email addresses, driver's license numbers, and similar unique identifying information;
2. Information that could reasonably be used to identify the government's confidential sources;
3. Identifying information, including true names and photographs, regarding government agents who acted in an undercover capacity with respect to this investigation;
4. Information that could reasonably be expected to jeopardize witness security;
5. Personal identifying information, including photographs and videos, for individuals that do not appear to be related to the criminal conduct in this case;

6.    Message content and other private communications—including from confidential sources, co-conspirators, victims, and other individuals—that are unrelated to the criminal conduct in this case;

7.    Medical or mental health records, other than those of the defendants;

8.    Sources, locations, and methods law-enforcement officials have used, and will continue to use, to investigate other criminal conduct;

9.    Information that may jeopardize an ongoing or future investigation;

10.    Tax returns or tax information; and

11.    Portions of the footage depicting minors and any personal identifying information of minors, including names.

**Restrictions on Use of AI to Process Sensitive Materials.**  No person or entity authorized to have access to Sensitive Materials under the terms of the Protective Order shall input, transmit, upload, process, generate output from, or otherwise expose any Sensitive Materials received pursuant to the Protective Order to any artificial intelligence ("AI") tool without prior written notice to, and corresponding receipt of acknowledgment from, the government.  "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise.  When providing written notice for the otherwise prohibited use of an AI tool, the Defense Team must specifically identify and describe any AI tool to be used and certify that it does not (i) retain or use any Sensitive Materials for model training, nor (ii) expose any Sensitive Materials to third parties not authorized under the Protective Order to receive such materials.  In addition, the Defense Team must certify that: (i) the Defense Team has implemented reasonable measures to ensure that any AI tool used will maintain the confidentiality of any Sensitive Materials, and (ii) the Defense Team will ensure the deletion of all Sensitive Materials from the tool at the conclusion of this case.  The Defense Team will be responsible for destroying such information at that time.  Under no circumstances will any member of the Defense Team submit Sensitive Materials to a publicly accessible AI

5

system that retains and uses submitted data to train models. Such AI tools pose unique risks to the security and integrity of Sensitive Materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

### C. JUSTIFICATIONS FOR LIMITED DISCLOSURE

Many of the materials that the government will produce in discovery, including *Jencks* materials or *Giglio* materials, contain information, including names, addresses, Social Security numbers, dates of birth, criminal histories as well as other personal identifying information of the Defendants charged in the indictment in this case. The information contained in these documents also includes personal identifying information of persons not charged in the indictment. Finally, these documents also include information provided by confidential sources, and information about confidential sources. Dissemination of this confidential and sensitive information increases the risk that privacy rights would be violated and that confidential sources may be at physical risk.

Discovery in this case is voluminous, and confidential, sensitive information of the type described above is dispersed throughout it. Accordingly, although as a general matter this type of information can be manually redacted in most circumstances, the government seeks to make such materials subject to a protective order to avoid slowing the discovery process by requiring the government to employ what would be a protracted redaction process for the discovery productions. Discovery Materials can be produced in a timelier manner if the government is not required to undertake time-consuming redactions and is not required to analyze whether each item produced should be subject to the protective order. Placing the confidential personal information of third parties under a protective order puts the government and Defendants in equal positions, both having full and open access to the same information. Further, a protective order serves the interest of ensuring the privacy of third parties and, where applicable, is

6

consistent with the terms of Defendants' bond, wherein they are prohibited from having contact with potential witnesses.

Finally, there are individuals who are named in the Discovery Material who may never be charged.  Dissemination of this information enhances the risk that privacy rights would be violated, and disclosure of investigative information regarding un-charged person may result in undue media attention that could make jury selection more difficult.  *See Gannett Co. v. DePasquale*, 443 U.S. 368 (1979); *Chandler v. Florida*, 449 U.S. 560 (1981); *Sheppard v. Maxwell*, 384 U.S. 333 (1966).  The Discovery Material should remain confidential under this Court's protective order to avoid embarrassment for those persons who may never be charged.

## III.    CONCLUSION

Accordingly, the United States hereby moves this Court to partially unseal the search warrant materials and issue a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), that applies to all Discovery Materials, including all *Jencks* and *Giglio* materials and exhibits, and that prohibits any member of the Defense Teams from disseminating any and all such materials to any other person or entity without complying with the terms of the protective order.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

/s/ Megan R. Miller
Megan R. Miller (OH: 0085522)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3855
(216) 522-2403 (facsimile)
Megan.R.Miller@usdoj.gov